## N. Y. C. & ST. L. RD. CO. v. GRANFELL.

Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 8051. Decided Dec. 19, 1927.
**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**396. DIRECTED VERDICTS.**

Where record shows evidence of negligence, and no evidence of contributory negligence, case must go to jury.

**829. NEGLIGENCE—111. Assumption—Of Risk.**

1. Doctrine of assumption of risk is absolutely limited to those risks which are ordinary and usual, and does not include those which are extraordinary, unusual and unexpected.

2. Where engineer moves train with unnecessary violence, and so knocks conductor from top of car, fact that conductor gave signal to engineer does not relieve engineer of duty to use ordinary care.

Error to Common Pleas.
Judgment affirmed.

Tolles, Hogsett & Ginn, Cleveland, for Railroad Co.

Newcomb, Newcomb & Nord, Cleveland, for Granfell.

### STATEMENT OF FACTS.

Edgar M. Granfell, the plaintiff below, was a yard conductor for defendant. He had ten years experience in doing the work in which he was engaged, when injured, January 26, 1924. He fell from the top of a box car which was one of a train of ten or twelve cars, which were being moved, in freezing weather, under his signals to the engineer, around a "horn track," so-called, and some dozen of the train moves had been made when, it is claimed, the engineer moved the train with unnecessary violence and with the result that he was thrown from the top of the car and sustained serious injuries.

### OPINION OF COURT.

The following is taken, verbatim, from the opinion.

SULLIVAN, PJ.

It is conceded that Federal decisions instead of Ohio law apply to the case and, consequently, the scintilla rule does not apply, but the allegation of negligence must be sustained by affirmative proof, as negligence is vital to recovery, and this fact must appear by applying the provisions of the Federal Act, the principles of the common law, and the decisions of the Federal Courts, irrespective of State Law, which Congressional action superseded.

The controlling question in this case is whether the state of the evidence created such a legal situation, which the court alone, as a pure matter of law, without the intervention of a jury, must take cognizance of and decide, and before we advert to the record, with respect to the primary issue, it is necessary to keep in mind the rules we are bound to follow, under the Federal Act and decisions, as well as the certain vital elements of the common law.

The record itself cannot be controverted, and while there may be a confusion of authorities, it is the testimony that silently but irrevocably decides whether a question of law lies imbedded therein, under the rules of interpretation which we are bound to follow. No argument can pluck the legal situation from the record. If it is there, it is there. There is no power that can take it away. Thus if it is an unchallenged fact in the record that the force used by the engineer was violent, unusual, unexpected and unnecessary, and that it was the proximate cause of the injuries, then, in the absence of contributory negligence, there was a legal status, which required submission of the cause to the jury, and the court was powerless to become the sole tribunal, notwithstanding the principle of assumption or risk, because that doctrine is absolutely limited to those risks which are ordinary and usual, and not to those which are extraordinary, unusual and unexpected, and there is evidence of a substantial nature in the record of all these things, for it must be borne in mind that when the plaintiff Granfell and certain witnesses impregnated the record with such evidence, no effort was made by any of the crew of the train to obliterate the unassaulted fact from the record, and if such effort had been made, the record, instead of being unchallenged, would be one of conflict, about which different minds might come to different conclusions, and such a state of the record would again preclude the court from taking the case from the jury because that cannot be done, unless the record is such that different minds would reach but one conclusion.

The latter status is the true test, and we are of the unanimous opinion that the record fails to stand even this test. The record, however, as to extraordinary force, leaves the testimony without conflict.

In analyzing the record to ascertain whether it created a question of law alone, we cannot escape the fact that as to whether the force used was unusual and unnecessary, and not usual and ordinary, the crew of the train remained silent under the charge of negligence. The engineer was bound to know not only that a train of ten cars was to be switched, but he was bound to know that the conductor himself was necessarily on top of the cars to give him signals, and that he had life as well as property in his charge, and these facts are not unessential in determining the state of the evidence as to whether it gave rise, in its entirety, to a question of law only.

That the conductor stood the numerous ordinary jolts without injury, is one of the elements bearing upon the violence of the last crash of the cars, and whether it was extraordinary and unusual and beyond the role of

assumption of risk.

The fact that the plaintiff Granfell gave the signals, did not license the engineer to use force that was unusual, and to the extent that it imperiled life and limb. Had the conductor specifically ordered the power that was used to his injury, the engineer would not be justified, knowingly, in imperiling him, and if he did, the conductor would not be assuming a risk ordinary and usual. That the engineer obeyed the signal, from the conductor, to move the train, gave the engineer no license to endanger the property of the road or the lives or limbs of the crew. This is a false premise, and the rock against which the charge of assumption of risk shatters itself.

From our view of the case herein set forth, the assignment of error that the jury failed to follow the instructions of the court is not meritorious, as various minds could reasonably come to different conclusions.

Thus holding, the judgment of the lower court is hereby affirmed.

(Levine and Vickery, JJ., concur.)